AO 472  (Rev. 09/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the

Eastern District of Missouri

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No. 4:21 CR 290 JAR (SRW) |
| JENNIFER HUDDLESTON ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
**(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☒ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above.

**OR**

☒ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

## Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☐ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☒ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district
☐ Significant family or other ties outside the United States

☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration
☐ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☐ Background information unknown or unverified
☐ Prior violations of probation, parole, or supervised release

**OTHER REASONS OR FURTHER EXPLANATION:**

On July 30, 2021, following a continuance granted at Defendant's request, the Court held a detention hearing.  The parties elected to proceed by proffer.  Prior to the hearing, Pretrial Services filed a written Bail Report, recommending that Defendant be detained. No party objected to the background facts in the Bail Report.  The undersigned adopts and incorporates by reference herein the facts set out in The Bail Report.  The undersigned has considered all information offered in this matter

Defendant is charged with a serious crime involving the exploitation of her child and the production of child pornography.  Therefore, the government's detention motion in this case is aided by a rebuttable presumption that no condition or combination of conditions will reasonably assure Defendant's appearance as required and the safety of the community.  In response to this presumption, a defendant must produce some evidence that there are conditions of release that will reasonably assure that she will not flee and will not pose a danger to the community.  In this regard, however, the burden of proof remains with the government, and at all times Defendant retains his constitutional presumption of innocence.  See United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003) ("'In a presumption case … a defendant bears a limited burden of production—not a burden of persuasion—to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight.'") (quoting United States v. Mercedes, 254 F.3d 433, 436 (2nd Cir. 2001)).  Moreover, even if a defendant meets her burden of production, "the presumption favoring detention does not disappear, but remains for consideration." Abad, 350 F.3d at 797.

**\*\* CONTINUED ON ATTACHED SHEET(s) \*\***

**Part IV - Directions Regarding Detention**

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:        8/5/2021                                    /s/ John M. Bodenhausen
                                                      UNITED STATES MAGISTRATE JUDGE

**OTHER REASONS OR FURTHER EXPLANATION:** (continued)

Defendant acknowledged that a rebuttable presumption favoring detention applied to her case but offered numerous facts and circumstances in response. Defendant argued that a presumption applied only because of the charge alleged. Defendant contends that no data or statistics support the presumption in her situation, and it should be given minimal weight. Defendant argued that other factors were more important, namely those used in the Pretrial Risk Assessment (PTRA) process. Defendant contends that PTRA is validated and reliable. Defendant reviewed the factors used in the PTRA process and applied those to her facts and circumstances, concluding that, under the PTRA rubric, she posed a minimal risk of flight and a minimal risk of committing a new violent offense. Defendant acknowledged that she is being held without bond on related State charged but noted that the State case may have venue issues and suggested that she was taken into federal custody to avoid a preliminary hearing where deficiencies in the State case might have been exposed. Defendant stressed that the fact that she is being held on State charges is not a factor that would make her ineligible for bond consideration in this federal case. Defendant proffered that she would live with her mother in Quincy, IL, if released, and that there are no minor children in that home. She would have no contact with the victim and no contact with her boyfriend. Defendant acknowledged that she would be subject to certain mandatory conditions of release.

The government filed a detailed motion for pretrial detention, which the government argued included facts demonstrating Defendant's dangerousness. The government also argued that Defendant had not rebutted the presumption favoring detention. The government expressed concerns that Defendant's proffered home plan was out of this District. The government argued that Defendant faces two lengthy prison sentences, giving her an enhanced incentive to flee or fail to appear. The government also noted Defendant had a substantial history of substance abuse.

The undersigned finds that Defendant proffered sufficient facts to rebut the presumption favoring detention. Nonetheless, based on the entire record before the Court, the undersigned concludes that there is no condition, or combination of conditions, that would reasonably ensure Defendant's appearance as well as the safety of the community.

First, the undersigned disagrees entirely with Defendant's contention that the presumption should be given minimal weight in this case. Rather, even though Defendant offered facts to rebut the presumption, the undersigned will give it considerable weight. Second, and relatedly, for the limited purpose of deciding the pending detention motion, the undersigned finds that the weight of the government's evidence is very strong. That evidence indicates that Defendant was having a sexual relationship with co-Defendant Dahl and discussed including Defendant's minor child in that sexual relationship. Certain details of those discussions are included in the government's sealed detention motion. Defendant produced a video (also discussed in detail in the sealed motion) that she sent to Dahl. The undersigned credits the facts proffered in the sealed motion insofar as they

relate to Defendant's discussions with co-defendant Dahl and the video Defendant produced and sent to Dahl. Defendant has also been involved in a ten-year relationship with another person (not Dahl) who is a registered sex offender, having been convicted of two counts of molesting a 12-year-old female. Defendant was living with that sex offender apparently at the time of the events in question and that sex offender reported that he was trying to regain custody of Defendant's minor child and that Defendant was welcome to live with him if released. Additionally, Defendant is a daily user of controlled substances and faces lengthy terms of imprisonment if convicted.

Based on the record before the Court, the undersigned concludes that the government has met its burden of proof. There is no condition, or combination of conditions, that would reasonably ensure Defendant's appearance as well as the safety of the community. The government's motion for pretrial detention is granted.