UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. S1-4:21CR0290-2 JAR |
| | ) | |
| JENNIFER HUDDLESTON, | ) | |
| | ) | |
| Defendant. | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

**1.   PARTIES:**

The parties are the defendant Jennifer Huddleston, represented by defense counsel Adam Fein, and the United States of America (hereinafter "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2.   GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Counts 5 and 6 of the superseding indictment, the Government agrees to dismiss Count Four at sentencing and that no further federal prosecution will be brought in this District relative to the defendant's production, distribution and possession of child pornography between January 1, 2015, and March 31, 2021, of which the Government is aware at this time.

1

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree to jointly recommend a sentence of 210 months in prison. The parties are aware that the Court is not a party to this agreement. The defendant is aware that one of the counts require a mandatory minimum sentence of 180 months in prison.

The defendant agrees to forfeit to the United States all property subject to forfeiture under the applicable statute(s), and the defendant knowingly and voluntarily waives any right, title, and interest in her items (including all data contained therein) seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States, including, but not limited to: all cell phones, electronic storage devices, and computers/computer devices seized by law enforcement. The agreement does not include the computer belonging to Brian Weisbord. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

3.    **ELEMENTS:**

As to Count Five, the defendant admits to knowingly violating Title 18, United States Code, Section 2251(a) and punishable under Title 18, United States Code, Section 2251(e), and admits there is a factual basis for the plea and fully understands that the elements of Production of Child Pornography/Sexual Exploitation of a Child which she admits to knowingly committing and for which she admits there is a factual basis are: (1) did knowingly employ, use, persuade, induce, entice, and coerce a minor, (2) to engage in sexually explicit conduct, (3) for the purpose of producing a visual depiction of such conduct, (4) and such depictions were produced using materials that had been mailed, shipped, or transported in interstate and foreign commerce.

2

As to Count Six, the defendant admits to knowingly violating Title 18, United States Code, Section 2252A(a)(5)(B), and admits there is a factual basis for the plea and further fully understands that the elements of the crime of Possession of Child Pornography which she admits to knowingly committing and for which she admits there is a factual basis are: (1) defendant knowingly possessed material that contained images of child pornography, (2) which were visual depictions where the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such visual depictions were of a minor engaging in sexually explicit conduct, and (3) those images were contained on material that had been transported in interstate and foreign commerce and were themselves transported in interstate and foreign commerce.

4.      **FACTS:**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

In January of 2021, the state opened an investigation into William Dahl (Dahl). As part of the investigation, state law enforcement executed a search warrant on Dahl's home in February of 2021. During the search, law enforcement seized 44 pieces of computer equipment. STAT investigator Jeff Glandon executed numerous warrants on various social media accounts belonging to Dahl, including a Facebook account. Within Dahl's Facebook Messenger chats, law enforcement located conversations between Dahl and Jennifer Huddleston (Huddleston), the Defendant. Within these conversations, law enforcement located photographs sent to Dahl by Huddleston. One of the photographs depicted Huddleston's minor daughter, "M." The photograph focused on M's crotch as she lay in bed wearing purple polka dot underwear. In

3

other conversations, Dahl expressed an interest in sex with "M." Huddleston, however, told Dahl

that "M" might tell on them. Several months later, Dahl visited Huddleston at her home. While

there, Dahl ejaculated in a pair of "M's" underwear. Later, Huddleston told Dahl she had "M"

wear the underwear, which Huddleston and Dahl then discussed in a Facebook conversation.  At

the time of these events, M was approximately nine years old.

On March 31, 2021, state investigators arrested Huddleston. Post *Miranda*, Huddleston

told the police that she deleted everything after Dahl's February 2021 arrest. Huddleston

admitted to sending internet child pornography to Dahl and to touching "M's" vagina on three

occasions while "M" slept. Huddleston stated she photographed the latter acts on her cell phone

and sent them to Dahl's Hotmail account.

Law enforcement subsequently obtained a federal search warrant to examine

Huddleston's Samsung Galaxy Smartphone. The examination uncovered approximately six

images of Huddleston touching "M's" exposed genitals while "M" was sleeping. (This conduct is

charged in Count Five of the Superseding Indictment). It also uncovered a number of images of

child pornography from the internet, including images involving infants. Other children depicted

in the images were under the age of twelve and were engaged in sexually explicit conduct. (This

conduct is charged in Count Six of the Superseding Indictment).

In summary, the Defendant now admits, to knowingly using a minor to produce an image

of child pornography as charged in Count Five of the superseding indictment. Further, the

Defendant now admits, as charged in Count Six, to knowingly possessing images and videos of

child pornography on her cell phone and which traveled in interstate commerce.

The internet is a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files. The internet is a means and facility of interstate and foreign commerce.

5. **STATUTORY PENALTIES:**

As to Count Five, the defendant fully understands that the maximum possible penalty provided by law for the crime of Production of Child Pornography/Sexual Exploitation of a Child to which the defendant is pleading guilty is imprisonment of not more than thirty years, and a fine of not more than $250,000. The Court may also impose a period of supervised release of not more than **life** and not less than five years. **The defendant fully understands that the crime to which a guilty plea is being entered, Production of Child Pornography/Sexual Exploitation of a Child, requires a mandatory minimum term of imprisonment of at least fifteen (15) years.**

As to Count Six, Possession of Child Pornography, the Defendant fully understands that the maximum possible penalty provided by law for the crime of Possession of Child Pornography to which the defendant is pleading is imprisonment of not more than twenty years, and a fine of not more than $250,000. The Court may also impose a period of supervised release of not more than life and not less than five years.

The defendant understands that the Court may impose the sentences to run consecutively (one after the other), or concurrently (at the same time).

Additionally, per 18 U.S.C. § 2259A, defendant fully understands that for offenses committed on or after December 7, 2018, in addition to other assessments, the Court may impose an assessment for each count of no more than:

5

(1)   $17,000.00 if convicted of 18 U.S.C. § 2252(a)(4) or § 2252A(a)(5), regarding the possession of, or access with intent to view, child pornography;

(2)   $35,000.00 if convicted of any other trafficking in child pornography offense as defined by § 2259(c)(3), which includes offenses under:
  i.   18 U.S.C. § 2251(d);
  ii.  18 U.S.C. §§ 2252(a)(1) through (3);
  iii. 18 U.S.C. §§ 2252A(a)(1) through (4);
  iv.  18 U.S.C. § 2252A(g) (in cases in which the series of felony violations exclusively involves violations of §§ 2251(d), 2252, 2252A(a)(1) through (5), or 2260(b)); or
  v.   18 U.S.C.2260(b);

(3)   $50,000.00 if convicted of child pornography production as defined by 18 U.S.C. § 2259(c)(1), which includes offenses under:
  i.   18 U.S.C. § 2251(a) through (c) (production of child pornography);
  ii.  18 U.S.C. § 2251A (selling or buying of children);
  iii. 18 U.S.C. § 2252A(g) (in cases in which the series of felony violations involve at least one of the violations listed in this subsection);
  iv.  18 U.S.C. § 2260(a); or
  v.   any offense under chapter 109A or chapter 117 that involved the production of child pornography (as such term is defined in § 2256).

**Possibility of Enhanced Criminal Status**: In certain situations, defendant may be subject to a mandatory minimum sentence and a maximum sentence greater than described above. Below are some of the provisions that have increased sentences for certain prior convictions:

| | |
|---|---|
| Production of Child Pornography 18 U.S.C. § 2251(e) | a. One prior conviction: 25 years to 50 years b. Two or more prior convictions: 35 years to life. |
| Distribution, Transportation or Receipt of Child Pornography 18 U.S.C. §§ 2252(b)(1) and 2252A(b)(1) | One or more prior convictions: 15 years to 40 years |
| Possession or Access with the Intent to View Child Pornography | One or more prior convictions: 10 years to 20 years |

6

| 18 U.S.C. §§ 2252(b)(2) and 2252A(b)(2) | |
|---|---|
| Travel with intent to engage in illicit sexual conduct; and Engaging in illicit sexual conduct in foreign places 18 U.S.C. § 2426(a) | One or more prior convictions: Up to 90 years |
| For offenses under 1591 (relating to sex trafficking of children), 2241 (relating to aggravated sexual abuse), 2242 (relating to sexual abuse), 2244(a)(1) (relating to abusive sexual contact), 2245 (relating to sexual abuse resulting in death), 2251 (relating to sexual exploitation of children), 2251A (relating to selling or buying children), 2422(b) (relating to coercion or enticement of a minor into prostitution) (unless 3559(e)(3) applies) or 2423(a) relating to transportation of minors) (unless 3559(e)(3) applies). 18 U.S.C. § 3559(e) | If convicted of one of these offenses in which a minor is the victim and the person has a prior sex conviction in which a minor is a victim, the term of imprisonment is life, unless a sentence of death is imposed. |

The defendant is pleading guilty with full knowledge of these, as well as other possibilities, has discussed the possibilities with counsel and will not be able to withdraw the guilty plea if the Court determines that the defendant is subject to different minimum or maximum sentences than described herein.

**6.** **U. S. SENTENCING GUIDELINES: 2018 MANUAL:**

The defendant understands that this offense is affected by the U. S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

**a.** **Count Five, Production of Child Pornography:**

**(1)** **Base Offense Level:** The parties agree that the base offense level is 32, as found in Section 2G2.1.

      **(2)**      <u>**Specific Offense Characteristics:**</u> The parties agree that the following Specific Offense Characteristics apply:

      a)      Four (4) levels are added pursuant to Section 2G2.1(b)(1)(B) because the minor had not attained the age of twelve years;

      b)      Two (2) levels are added pursuant to Section 2G2.1(b)(2)(A) because the offense involved the commission of a sexual act or sexual contact;

      c)      Two (2) levels are added pursuant to Section 2G2.1(b)(3) because the defendant knowingly engaged in distribution;

      d)      Two (2) levels are added pursuant to Section 2G2.1(b)(5) because the defendant was a parent or guardian of the minor involved in the offense;

**b.**      <u>**Count Six, Possession of Child Pornography:**</u>

**(a)** <u>**Base Offense Level**</u>:      The parties agree that the base offense level is eighteen (18) as found in Section 2G2.2(a)(1):

**(b)** <u>**Specific Offense Characteristics:**</u>  The parties agree that the following Specific Offense Characteristics apply:

      a)      two (2) levels should be added pursuant to Section 2G2.2(b)(2) because "the material involved a prepubescent minor or a minors who had not attained the age of 12 years;"

      b)      two (2) levels should be added pursuant to Section 2G2.2(b)(3)(F) because "the defendant knowingly engaged in distribution other than distribution described in subdivisions (A) through (E),"

c)   four (4) levels should be added pursuant to Section 2G2.2(b)(4), because "the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence,"

d)   five (5) levels should be increased because the defendant engaged in a pattern of activity involving the sexual abuse of a minor pursuant to Section 2G2.2(b)(5).

e)   two (2) levels should be added pursuant to Section 2G2.2(b)(6), because "the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of material,"

f)   two (2) levels should be added pursuant to Section 2G2.2(b)(7)(A), because the offense involved between 10 and 150 images of child pornography.

**d.    Chapter 3 Adjustments:**

(a) The offense level for Production of Child Pornography in Counts 5 is forty-two (42);

(b) The offense level for Possession of Child Pornography in Count 6 is thirty-five (35).

(c) Pursuant to Section 3D1.4 (Determining Combined Offense levels), Count 5 (Production of Child Pornography) has the highest offense level at 42 and is given one unit. Count 6 is 7 levels less serious and so ½ a unit is added to the Count. One and a half units equals one additional level when grouping.  The offense level is then **43**, before acceptance of responsibility and Section 4 adjustments.

9

(d) **Chapter 4 Adjustments:** The parties agree that the following additional adjustments apply:

(i)     Pursuant to Section 4B1.5 (Repeat and Dangerous Sex Offender Against Minors), **five (5) levels should be added** because defendant engaged in a pattern of activity involving prohibited sexual conduct.

**(1) Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the Government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the Government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the Government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

**(2)     Other Adjustments:** The parties agree that the following additional adjustments apply: none.

g.     **Estimated Total Offense Level:** The parties estimate that the Total Offense Level is forty-three (43)[1], however, the parties have jointly agreed to recommend a sentence of 210 months in prison.

h.     **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the

---

[1] The offense level came out to level forty-five, but the highest offense level in the guidelines is level forty-three.

finding of the Presentence Report as to the defendant's criminal history and the applicable

category. The defendant's criminal history is known to the defendant and is substantially

available in the Pretrial Services Report.

      **i.**    **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that

the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have

foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any

Guideline despite the agreement herein and the parties shall not be permitted to withdraw from

the plea agreement. The Government recognizes it is bound by the specific agreements made

herein, except as provided in Section 11, below. However the Government reserves the right to

answer any questions the U.S. Probation Office or the Court might have related to sentencing or

present evidence at the Court's request.

      **7.**    **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

      **a.**    **Appeal:** The defendant has been fully apprised by defense counsel of the

defendant's rights concerning appeal and fully understands the right to appeal the sentence under

Title 18, United States Code, Section 3742.

      **(1)**    **Non-Sentencing Issues:** The parties waive all rights to appeal all non-

jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial

motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant

is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

      **(2)**    **Sentencing Issues:** In the event the Court accepts the plea, accepts the

U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a

Sentencing Guidelines range, sentences the defendant to 210 months in prison, then, as part of

this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than

Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant to 210 months in prison.

      **b.**    **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

      **c.**    **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.**    **OTHER:**

      **a.**    **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

      **b.**    **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

      **c.**    **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the

12

crime defendant committed. Some of these special conditions may include that defendant not possess a computer or internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling and that defendant not maintain a post office box. In addition, as a condition of supervised release, defendant shall initially register with the state sex offender registration in Missouri, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws.

These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

     **d.**    <u>**Mandatory Special Assessment:**</u> Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $200, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, and before September 30, 2021, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under –

       (2)    Chapter 109A (relating to sexual abuse);

    (3)    Chapter 110 (relating to sexual exploitation and other abuse of children, including, but not limited to, 18 U.S.C. §2251(a) (production of child pornography) and 18 U.S.C. § 2252A (transportation, distribution, receipt, possession, or access with the intent to view child pornography));

The assessment imposed under 18 U.S.C. § 3014 is in addition to the mandatory special assessment imposed under 18 U.S.C. § 3013.

    **e.**    <u>Possibility of Detention:</u> The defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

    **f.**    <u>Fines, Restitution and Costs of Incarceration and Supervision:</u> The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Sections 3663A and 2259, an order of restitution is mandatory for all crimes listed in Sections 3663A(c) and 2259. Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Sections 3663A(b) and 2259 and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment without regard to the count or counts to which the defendant has agreed to plead guilty. Under Section 2259(c)(3), the minimum amount of restitution per victim for each count of conviction is $3000 for crimes occurring on and after December 7, 2018.

    **g.**    <u>Forfeiture:</u> The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States.  The defendant agrees to abandon her interest in all seized items and

further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency.

The defendant knowingly and intelligently waives all constitutional and statutory challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument. The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to applicable forfeiture authorities. Defendant agrees not to object to any administrative, civil, or criminal forfeiture brought against of the assets described herein. Defendant understands that pursuant to 18 U.S.C. § 983, notice is required for an administrative forfeiture proceeding. Defendant hereby knowingly and voluntarily waives any rights to such notice being sent within the time frames in 18 U.S.C. § 983, and further agrees the property may be retained for forfeiture and not returned to Defendant, regardless if notice is sent within the prescribed time frames. Defendant voluntarily waives all constitutional, legal, and equitable claims arising out of and/or defenses to the forfeiture of this property in any proceeding, including any claim of innocent ownership and any claim or defense under the Eighth Amendment, including any claim of excessive fine.

9. **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the defendant acknowledges, fully understands and hereby waives her rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to

suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant understands that by pleading guilty, defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply for life. The defendant understands that defendant must keep said registrations current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person said sex offender registration information. Defendant understands that defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Missouri following release from prison, defendant will be subject to the registration requirements of Missouri state law. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will

16

be provided to certain law enforcement agencies upon release from confinement following conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

Defendant knowingly and voluntary waives any rights and defenses defendant may have under the Excessive Fines Clause of the Eight Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

If the defendant is not a U.S. citizen, the guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

10.   **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea

17

to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11.    CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crimes, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

**12.    NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant

understands that there will be no right to withdraw the plea entered under this agreement, except

where the Court rejects those portions of the plea agreement which deal with charges the

Government agrees to dismiss or not to bring.

_5 . 10 . 23_
Date

_Colleen Lang_
COLLEEN LANG
Assistant United States Attorney

_5|10|23_
Date

_Jennifer Huddleston_
JENNIFER HUDDLESTON
Defendant

_5 / 10 / 23_
Date

_Adam Fein_
ADAM FEIN
Attorney for Defendant

19